UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

Larry D. Odum,                                              Case No. 5:10-cv-629

      Petitioner,

v.                                                          **MEMORANDUM AND ORDER**

Secretary, Department of
Corrections and the Florida
Attorney General,

      Respondents.

This matter is before the Court on a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254.  For the reasons that follow, the Petition is denied.

**BACKGROUND**

On September 19, 2006, Petitioner was charged with felony DUI, fourth or subsequent offense.  On February 6, 2007, the State of Florida filed an Amended Information adding the charge of refusing to submit to chemical or physical testing.  On March 21, 2007, Petitioner was sentenced to six years' imprisonment followed by four years' probation for the DUI offense, and to eleven months and twenty-nine days in jail for refusal to submit to chemical or physical testing.  On September 13, 2007, Petitioner's sentences for those offenses were corrected to designate him as a habitual felony offender.

Petitioner appealed and, in an opinion filed August 29, 2008, the Fifth District Court of Appeals per curiam affirmed Petitioner's convictions and sentences.  In

February 2009, Petitioner filed a motion for postconviction relief pursuant to Florida Rule of Criminal Procedure 3.850. The motion was denied on April 27, 2009, by order of the trial court. In November 2009, the Fifth District Court of Appeals affirmed the decision of the trial court.

On March 25, 2010, Petitioner filed his state court petition for habeas relief arguing that his appellate counsel failed to argue his state appeal in terms of federal constitutional violations and was, therefore, ineffective. The petition was denied by order filed on April 14, 2010. Six days later, Petitioner filed a motion for postconviction relief. The motion was denied by order of the trial court filed on July 1, 2010. Petitioner appealed to the Fifth District Court of Appeals, which affirmed in a per curiam decision dated October 26, 2010.

The instant petition for federal habeas relief was filed on November 22, 2010. Petitioner contends that (1) the trial court erred in allowing the State to introduce police reports that improperly bolstered witness testimony, (2) the trial court erred in denying Petitioner's motion for mistrial, (3) the trial court erred in permitting the state to refer to matters not in evidence during closing argument, (4) the trial court erred in sentencing Petitioner as a habitual felony offender, and (5) Petitioner's trial counsel was ineffective on the basis of eleven sub-claims (A through K).

## DISCUSSION

### A.   Standard of Review

The Anti-Terrorism and Effective Death Penalty Act (AEDPA) limits the federal court's power to review habeas corpus petitions brought by state prisoners. Pursuant to

the AEDPA, habeas corpus petitions are not reviewable unless the adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

**B.     Exhaustion/Procedural Bar**

The federal habeas statute requires Petitioner to exhaust all state court remedies prior to seeking relief in federal court.  28 U.S.C. § 2254(b)(1)(A).  Petitioner has failed to exhaust his first, third, and sub-claim G of his fifth claim in state court.  These claims are not, as a result, available for federal habeas review.

To exhaust state court remedies, a petitioner must present the state courts with identical factual and legal claims as asserted in the federal petition.  Duncan v. Henry, 513 U.S. 364, 365 (1995).  Claims alleging a violation of state law are generally not subject to review in federal habeas proceedings.  Pulley v. Harris, 465 U.S. 37, 41 (1984); McCullough v. Singletary, 967 F.2d 530, 535-36 (11th Cir. 1992).  Furthermore, if a claim brought in state court was not raised in terms of federal law, then the claim is not exhausted and the federal court will not be able to hear the claim.  Gray v. Netherland, 518 U.S. 152, 162-63 (1996); Jimenez v. Fla. Dep't of Corr., 481 F.3d 1337, 1342 (11th Cir. 2007).

Nothing in Petitioner's direct appeal to the Fifth District Court of Appeals references a federal violation with respect to his first and third claims. Petitioner presented only state law in his arguments—he did not cite federal cases or the United States Constitution nor do his claims sound in federal constitutional law. Consequently, Petitioner failed to establish a violation of federal law. Petitioner's first and third claims were thus not exhausted as required by the AEDPA under 28 U.S.C. §2254.

Similarly, Petitioner has failed to exhaust sub-claim G of his fifth claim. In sub-claim G, Petitioner argues that trial counsel was ineffective for counsel's alleged failure to advise Petitioner of consecutive sentencing when rejecting a plea offer. Petitioner has never before raised sub-claim G. The claim, as a result, is procedurally barred and this Court will not address it further.

**C.     Summary Judgment/Dismissal**

The State moves for a dismissal of the remaining claims in the Petition with prejudice. Dismissal is appropriate when it appears from the face of the petition that petitioner is entitled to no relief. 28 U.S.C. § 2254. The Court must therefore determine whether Petitioner is entitled to relief based on his remaining claims.

    **1.     Claim Two: Trial Court Erred in Denying Petitioner's Motion for Mistrial**

Petitioner argues that the arresting Officer's testimony at Petitioner's trial denied Petitioner the right to a fair trial guaranteed by the Sixth Amendment of the United States Constitution. At trial, the Officer testified that he knew Petitioner from the officer's professional career. Petitioner objected and moved for mistrial, arguing that the most

4

reasonable inference from the officer's statement was that Petitioner had a prior criminal history. The trial court denied the motion and overruled the objection finding that the officer's testimony "can mean a lot of things."

A district court's denial of a motion for a mistrial is subject to an abuse-of-discretion standard of review. United States v. Ramirez, 426 F.3d 1344, 1353 (11th Cir. 2005). The decision whether to grant a mistrial lies within the sound discretion of the trial judge because he or she is in the best position to evaluate the prejudicial effect of potentially improper testimony. United States v. Perez, 30 F.3d 1407, 1410 (11th Cir. 1994). Thus, "the abuse of discretion standard allows a range of choice for the district court, so long as that choice does not constitute a clear error of judgment." United States v. Frazier, 387 F.3d 1244, 1259 (11th Cir. 2004) (quotation omitted).

Petitioner has failed to show a clear error of judgment constituting an abuse of the trial judge's discretion. At Petitioner's trial, the testifying officer did not say in what context he knew Petitioner. The trial judge determined that the officer's testimony could imply any number of things. An officer may, for example, meet an individual while investigating a traffic accident or while speaking with the victim of a crime. These alternate inferences do not suggest, as Petitioner maintains, that Petitioner had a prior criminal history. The judge did not demonstrate any clear error of judgment on this point. Petitioner was not deprived of a fair trial by the officer's testimony and Petitioner is not entitled to relief on this aspect of his claim.

### 2. Claim Four: Trial Court Erred in Sentencing Petitioner as a Habitual Felony Offender

Petitioner maintains that his sentence as a habitual felony offender under Section 775.084, Florida Statutes, denies him the right to trial by jury in violation of the Sixth Amendment to the United States Constitution.

Petitioner asserts that under Apprendi v. New Jersey, 530 U.S. 466 (2000) and Blakely v. Washington, 542 U.S. 296 (2004), the jury, not the judge, must decide whether Petitioner qualifies as a habitual offender. In Apprendi, the Supreme Court held that, "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury and proved beyond a reasonable doubt." Apprendi, 530 U.S. at 490. In Blakely, the Supreme Court determined that "the relevant 'statutory maximum' is not the maximum sentence a judge may impose after finding additional facts, but the maximum he may impose without any additional findings." Blakely, 542 U.S. at 303-04.

Subsection 4(e) of Florida's felony offender statute permits the court to decline to sentence a defendant as a habitual offender if the court determines that the sentence is unnecessary to protect the public. Fla. Stat. § 775.084(4)(e). Petitioner argues that this allows a judge to inflict a harsher punishment than the jury verdict alone would permit based on a factual determination made by the judge. This interpretation is incorrect. The fact that the statute allows the judge to decline to sentence a defendant as a habitual offender is not the same as a finding that a defendant does qualify. Under the statute, the

6

judge did not increase Petitioner's punishment based on any fact other than Petitioner's prior convictions. Petitioner is not entitled to relief under this claim.

Furthermore, Florida district courts have unanimously upheld the habitual felony offender statute as constitutional. See, e.g., Robinson v. State, 784 So. 2d 1246 (Fla. Dist. Ct. App. 2001) (finding that the jury trial requirement of Apprendi does not apply to the Florida habitual offender statute); see also Saldo v. State, 789 So. 2d 1150 (Fla. Dist. Ct. App. 2001) (same); Grant v. State, 815 So. 2d 667, 668 n.3 (Fla. Dist. Ct. App. 2002) (same).

Moreover, Section 775.084 does not conflict with the established federal law set forth in the Blakley and Apprendi decisions. This Court finds no merit to Petitioner's claim.

### 3. Claim Five: Ineffective Assistance of Trial Counsel

In his fifth claim, Petitioner maintains that his trial counsel was ineffective based on the following eleven sub-claims: (A) counsel misadvised Petitioner that the jury would be informed of the nature of his prior convictions if Petitioner testified and for counsel's alleged failure to advise Petitioner that it was his right to testify waivable only by Petitioner; (B) counsel failed to question arresting officer about the validity of the officer's radar after the officer testified to Petitioner's speed according to his radar; (C) counsel failed to bring a motion for change of venue; (D) counsel misadvised Petitioner that if he testified, the jury would be informed by the prosecutor of Petitioner's prior offenses; (E) counsel failed to file proper pre-trial motions; (F) counsel failed to effectively perform pre-trial investigation; (G) counsel neglected to properly advise

7

Petitioner regarding the possibility of consecutive sentences when rejecting a plea offer;[1] (H) counsel failed to investigate and file a motion to dismiss; (I) counsel failed to properly challenge prospective jurors during voir dire; (J) counsel failed to file a motion in limine or request curative instructions; and (K) counsel failed to file an adequate motion for judgment of acquittal.

To establish a claim of ineffective assistance of counsel, Petitioner must satisfy the two-pronged test as set forth in Strickland v. Washington, 466 U.S. 668 (1984):

> First, the defendant must show that counsel's performance was deficient. This requires a showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the sixth amendment.
>
> Second, the defendant must show that the deficient performance prejudiced the defense. This requires a showing that counsel's errors were so serious as to deprive the defendant of a fair trial whose result is not reliable.

Id. at 687.

This is an extremely heavy burden for Petitioner, as judicial scrutiny of counsel's performance is highly deferential. Bolender v. Singletary, 16 F.3d 1547, 1557 (11th Cir. 1994). In fact, "because counsel's conduct is presumed reasonable, for a petitioner to show that the conduct was unreasonable, a petitioner must establish that no competent counsel would have taken the action that his counsel did take." Chandler v. United States, 218 F.3d 1305, 1315 (11th Cir. 2000). Furthermore, even if professionally

---

[1] As noted, sub-claim G was not exhausted and will not be considered by the Court.

unreasonable, an error by counsel does not warrant setting aside a judgment of a criminal proceeding if the error had no effect on the judgment.  <u>Strickland</u>, 466 U.S. at 692.

Petitioner claims that his trial counsel was ineffective with respect to issues concerning pre-trial investigation, certain pre-trial motions, Petitioner's right to testify, jury challenges during voir dire, and failure to file certain motions during Petitioner's trial.  The record fails to bear out Petitioner's claims.

It is Petitioner's burden to establish that no competent counsel would have taken the action that Petitioner's counsel did.  In light of the strong presumption that counsel was effective and given the record of this case, Petitioner has not met his heavy burden to prove that counsel's acts were outside the wide range of professionally competent assistance.

Furthermore, the trial transcript indicates that the Court questioned Petitioner regarding his counsel's performance.  As the transcript reports, Petitioner did not have any concerns:

> MR. OLSON: Your Honor, I'm going to ask the Court to inquire from Mr. Odum if he's happy with his legal services and that decision.
>
> THE COURT: Yes. Have you been satisfied with your attorney's performance?
>
> THE DEFENDANT: Yes, sir.
>
> THE COURT: Any concerns that you have - -
>
> THE DEFENDANT: No, sir.
>
> THE COURT: He's always been available so you can talk to him about it?

      THE DEFENDANT: Yes, sir.

Lastly, even assuming his trial counsel erred before or during trial, Petitioner fails to demonstrate any resulting prejudice. Petitioner is not entitled to relief on any of his ineffective assistance of counsel claims.

### D. Evidentiary Hearing

Finally, Petitioner seeks an evidentiary hearing on his claims.

Under the AEDPA, a federal court's review is greatly circumscribed and highly deferential to the state courts. Crawford v. Head, 311 F.3d 1288, 1295 (11th Cir. 2002). Pursuant to 28 U.S.C. § 2254(e), which governs evidentiary hearings, "a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

Petitioner has not provided clear and convincing evidence rebutting the factual issues determined by the state courts. Petitioner has not, as a result, met his burden under 28 U.S.C. § 2254(e). Furthermore, the record indicates that the Petitioner was not denied effective assistance of counsel. See Smith v. Singletary, 170 F.3d 1051, 1053-54 (11th Cir. 1999) (finding that a district court need not conduct an evidentiary hearing on a habeas petitioner's claim of ineffective assistance of counsel if it can be conclusively determined from the record that the Petitioner was not denied effective assistance of counsel). An evidentiary hearing, therefore, is unwarranted.

**CONCLUSION**

Accordingly, **IT IS HEREBY ORDERED** that the Petition for Writ of Habeas Corpus (Docket No. 1) is **DENIED**.

**The Clerk shall enter judgment accordingly, terminate all remaining deadlines as moot, and close the file.**

Dated: <u>August 23, 2012</u>

*s/ Paul A. Magnuson*
Paul A. Magnuson
United States District Court Judge
